The opinion of the Court was delivered by
Ti-lghman, C.J.
This is an action of partition, in which the plaintiffs claim 33-80ths of a house and lotib Front-street, in the city of Philadelphia. Plea, non tenet insimul and issue. The plaintiffs derived their title from John Nixon, deceased, who was a purchaser at a sale by the Marshal of the United States for the district of Pennsylvania, by virtue of a writ or writs of venditioni exponas, issued from the District Court. The United States had obtained judgments against John West, Francis West, and Benjamin F. West, each of whom had an interest in the house and lot in question. Writs of fieri facias had issued against Francis and Benjamin F. West, which were levied on this house and lot, and the same were condemned. John West being dead, a scire facias on the judgment against him was issued against his heirs, viz. Francis, Benjamin F., and James West, David H. Conyngham, and Mary, his wife, Nalborough Frazier and Ann, his wife, and David Stewart and Helen, his wife, all of whom appeared and confessed judgment at August Term, in the year 1800. On this judgment a fieri facias issued to November Term, 18CO, which was levied on the before mentioned house and lot. A venditioni exponas issued to February Term, 1801, which was not returned, and an alias venditioni to May Term, 1801. On the 26th February, 1801, the Marshal advertised a sale on the 20th March, next following, of all the interest in the said house and lot, of the heirs of John West, deceased, (naming them.) And on the 2d March, 1801, the said Marshal published a second advertisement to the following effect: That by virtue of sundry writs of venditioni exponas to him direc *458 ted, he should sell, on the 20th of the same month, all the interest, right, and estate of Francis and Benjamin F. West, in their own right, and also of. the said Francis, Benjamin F.,¡ an(^ yames ffest, David H. Conyngham and wife, N. Frazier anc¡ wife, and D. Stewart and wife, heirs of John West, deceased, of, in, and tó a certain house, &c. &c. On the 20th March, the Marshal made sale, agreeably to his second advertisement, and John Nixon became the purchaser for the sum of 4000 dollars. On the 26th May, 1801, the Marshal executed a deed to the said Nixon. The main point in dispute at the trial was, whether, at the time of sale, the Marshal had a writ of venditioni exponas in his hands authorising him to sell any estate of Francis and Benjamin F. West, other than that which they held as heirs of their brother John West, deceased.
Judge Duncan, who tried the cause, gave in charge to the jury, that, to entitle the plaintiffs to a verdict, it must be proved that their right was conformable to their declaration, viz: That they had title to 33-80ths of the house and lot in Front-street: That a sale by the Marshal, without a writ of venditioni exponas, was void ; but, nevertheless, if the jury should be of opinion that Francis West gave directions to the Marshal to make the sale in the manner it was made, it might be considered as valid, so far as concerned the right of Francis, without a writ of venditioni exponas. At the same time the Judge expressed his opinion, that no evidence had been given from which the jury ought to infer a writ of venditioni exponas against any but the heirs of John West. The jury found for the plaintiffs, and the defendant moved for a new trial.
The law, as laid down by the Judge, has not been disputed. The plaintiffs ought not to recover, unless they make out a title according to their declaration; and a sale, without a venditioni exponas, is invalid. The proper evidence of a venditioni exponas is the writ itself, or, if that cannot be found, the record of the Court, shewing that it had issued. But in this case, not only was no writ produced, but there was no docket entry, or memorandum of any kind, mentioning that such a writ had been ordered, or had issued. This action was brought to July Term, 1811. The fieri facias against Francis and Benjamin F. West, had issued to February Term, 1800, and to presume the loss of a record, between February, 1800, *459 and July, 1811, would be contrary to all principles of legal presumption. There was no' circumstance on which such a presumption could reasonably be founded. The length of . * , , . _ . ' , , , , r time was altogether insufficient; there had been no hre, no commotion, by which the public records might have been destroyed ; every thing was quiet and undisturbed. The jury, therefore, were certainly in the wrong if they presumed that the writ had issued, and been lost. Such a presumption would alter the law, and render writs of venditioni exponas unnecessary; contrary to the uninterrupted provisions of the legislature from the earliest time. But in the course of the argument for a new trial, the plaintiffs’ counsel have taken much larger ground, and contended that this sale was made not only with the consent, but at the instance of all the West family; and that if Francis West succeeds in defeating the sale, it would be very much to his own injury. How .far it may be for his benefit or his injury, is not a matter which this Court should take'into consideration. If the sale is invalidated, he must abide by the consequences. The question is, whether the verdict was agreeable to law and the evidence i I have said already, that the jury were not warranted in pre-, suming a venditioni exponas. Neither does it appear that there was evidence of the consent of Benjamin F. West to the sale made by the Marshal. Whether such consent can be proved hereafter, we know not. But if a new trial is granted, the plaintiffs will have an opportunity of doing it. It is always with reluctance that this Court grants a new trial on a point which the jury have decided ; but to suffer a verdict to stand, where the jury have presumed the existence of a record on very slight grounds, and contrary to the opinion of the Judge expressed in his charge, would, I think, be of dangerous consequences. I am, therefore, of opinion that a new trial should be granted.
New trial granted.
Gibson, J., being a relation of the West family, took no .gart in the decision.